# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JEFFREY L. CARTER,

        Petitioner,

  v.                                                Case No. 09-CV-1164
                                                      (07-CR-54)

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On February 11, 2008, the court sentenced Jeffrey Carter ("Carter") to a term of 180 months in prison after he was convicted at trial of distribution of less than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2. After filing an appeal (that was ultimately dismissed on May 6, 2009) with the Seventh Circuit, Carter filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the court must screen Carter's petition to determine if he states a claim upon which § 2255 relief may be granted.

If it plainly appears from the face of the motion, and any annexed exhibits and the prior proceedings in the case, that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading. *See* Rule 4, Rules Governing Section 2255 Proceedings. Section 2255 expressly imposes a one-year limitation period

for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, Carter's conviction became final on August 4, 2009, ninety days after the appellate court dismissed his appeal.[1] *See Clay v. U.S.* 537 U.S. 522 (2003) (holding that a judgment becomes final for § 2255 purposes when the time for filing a petition of certiorari expires). The Seventh Circuit employs the "anniversary method" for calculating filing deadlines, *see United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000); thus, Carter had until August 4, 2010, to file his petition. His petition is clearly timely.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitute[] a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument sooner and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). A § 2255 motion may not be used as either "a recapitulation of" or "a substitute for"

---

[1] Carter claims that he filed a petition of certiorari with the U.S. Supreme Court (which he also claims was denied), in which case his conviction would have become final on the date that petition was denied. The record before the court does not evidence that Carter did file such a petition. Ultimately it is moot, however, for Carter's present motion is clearly timely regardless of whether or not he actually sought certiorari.

-2-

Case 2:09-cv-01164-JPS   Filed 01/08/10   Page 2 of 7   Document 2

a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); accord *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)). Furthermore, a § 2255 petitioner may not raise: 1) issues, raised on direct appeal, absent some showing of new evidence or changed circumstance; 2) non-constitutional issues that could have been, but were not raised on direct appeal; or 3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Carter raises two grounds for relief, both claims allege ineffectiveness of counsel. Carter alleges his counsel was ineffective for: 1) failing to conduct an adequate pretrial investigation of, and interview with, one of the government's proposed witnesses, Sabrina Eskridge;[2] and 2) failing to challenge the alleged drug amount of approximately 56 grams. Carter argues that for each of these reasons, he was denied the effective assistance of counsel, in violation of his Sixth Amendment rights.

---

[2] Carter's motion states that he is alleging that trial counsel was ineffective, yet he names his appellate counsel as the attorney that failed to conduct sufficient pretrial investigation. The court will assume that Carter's naming of appellate counsel is simply a mistake, and that he is in fact referring to trial counsel, for an allegation that appellate counsel failed to conduct adequate pretrial investigation would be simply absurd.

Ineffective assistance of counsel ("IAC") claims may be brought in a § 2255 petition, regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Morever, IAC claims are potential cognizable claims under § 2255. To prevail on an IAC claim, a petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense to the extent that petitioner did not receive a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Carter's IAC claims must be dismissed, because it is evident that under no circumstances would he be able to fulfill the second prong of the *Strickland* test.

Even if Carter's counsel's performance was deficient with respect to investigating and interviewing Eskridge, such deficiency did not prejudice Carter's defense because, according to the court's review of the trial transcript, Eskridge was never called as a witness at trial. Carter accuses his attorney of not undertaking the necessary pretrial endeavors so as to be able to sufficiently cross-examine and discredit Eskridge on the witness stand. However, since she was never called as a witness, such failure on Carter's attorney's part (if indeed such failure did occur) did not result in any harm to Carter's defense. It is important to note that Carter has not alleged that his counsel was deficient for failing to call Eskridge as a witness, nor has he alleged that Eskridge would have provided any exculpatory testimony. Rather he has simply faulted counsel for failing to "conduct meaningful adversarial testing of the prosecution's case by failing to investigate"

-4-

Eskridge. As Eskridge's testimony was not presented to the jury, it was not part of the prosecution's case, and thus no prejudice occurred from defense counsel's alleged failure.

Likewise, Carter's attorney's failure to challenge the alleged drug amount of 56 grams (if in fact such failure occurred) did not prejudice Carter's defense. This is clearly shown by the fact that the jury answered "No" to the special verdict question: "Did the offense charged in Count 1 of the indictment involve more than 50 grams of a mixture or substance containing cocaine base in the form of "crack" cocaine?" (Case 07-CR-54; Dkt. #46, Jury Verdict). Thus Carter was convicted of, and sentenced for, distribution of less than 50 grams of cocaine base. Therefore Carter clearly did not suffer any prejudice from his counsel's alleged failure to challenge the 56-gram amount.[3]

In order to satisfy the second prong of the *Strickland* test, Carter would have to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994). Because it is clear that Carter cannot demonstrate any prejudice at all from the alleged errors, the court is obliged to deny Carter's motion and dismiss this case.

---

[3] Two different measurements were given for the drugs at issue in this case. The first measurement was approximately 56 grams. The second measurement was approximately 38 grams. Loss of moisture between the first measurement and the second was credited with creating the discrepancy between the two measurements. (7th Cir. Case No. 08-1419, Dkt. # 27 at 2). Nowhere in his motion does Carter fault his attorney for failing to challenge the second (~38 gram) measurement.

Under the recently amended Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court is to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As the court is now entering a final order adverse to Carter, the applicant, the court will additionally rule on the issue of a certificate of appealability.

Before a 2255 petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

In the instant case, no reasonable jurist could find that Carter suffered any prejudice from his counsel's failure to adequately prepare to cross-examine a witness that was never called. Similarly, no reasonable jurist could find that Carter suffered any prejudice from his counsel's failure to challenge the 56-gram

measurement of the drugs, given that the jury rejected the 56-gram measurement and convicted him of distributing less than 50 grams. As Carter's showing clearly falls below the "substantial showing" standard, the court is obliged to deny him a COA.

Accordingly,

**IT IS ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence (2255) (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-7-

Case 2:09-cv-01164-JPS   Filed 01/08/10   Page 7 of 7   Document 2